[No. 5205.]

## THE PEOPLE *v.* MILTON S. LATHAM.

TAXATION.—The Legislature has power to levy a tax upon all the property in the State, either before or after the value of the property is ascertained.

CONSTITUTION.—The provision requiring that "all property in this State shall be taxed in proportion to its value, to be ascertained as directed by law," does not require the value to be found after the rate of taxation is fixed.

TAXES—EXEMPTION.—1. The Legislature has no power to exempt any property from taxation. 2. The crediting of taxes heretofore paid upon property under an invalid levy does not amount to an exemption from taxation of the property upon which said taxes were paid.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

Defendant appeals.

Action brought to recover delinquent taxes. The complaint is voluminous, but in substance is, that in 1872 the defendant, being the owner of certain property, was assessed therefor; that on March 28th, 1874, an act of the Legislature was passed "levying a tax for State purposes for the twenty-fourth and twenty-fifth fiscal years," etc., upon property as equalized by the County Boards of Equalization; that the tax became delinquent July 6th, 1874, and remains unpaid. Judgment by default was taken.

*Geo. Cadwalader*, for Appellant.

This tax was declared void and uncollectible by the decision of this Court in *Houghton* v. *Austin*, 47 Cal. 646, rendered at the January Term, 1874.

The Legislature, on the 28th of March, 1874, levied a tax of the same amount (fifty cents on the hundred dollars) for each of these fiscal years, although both were wholly past, (Session Laws 1873–74, page 746) and provided that these taxes should have the same force and effect " as if they had been levied by a statute passed and in force before the commencement of these years " (sec. 3).

It also validated the assessment books as they were made for those years, (sec. 4) and prescribed that the tax levied under this act should not be collected from persons who had paid the tax declared unconstitutional by this Court (sec. 6).

It was further provided that the delinquent list should be made from the original roll, and should exclude the names and property of persons who had voluntarily paid the unconstitutional tax, or persons or property who had paid the tax levied under this act (sec. 11).

1. The law is unconstitutional, and violates sec. 11 of art. I, which reads : " All laws of a general nature shall have a uniform operation."

It also violates sec. 13 of art. XI, which declares that " Taxation shall be equal and uniform throughout the State."

These two constitutional provisions require that taxation shall not only be equal and uniform throughout the State, but that all laws levying general taxes shall have a uniform operation.

The law of March 28th, 1874, is a general law, and yet it does not require all persons to pay the tax which it levies, but excuses certain persons from the payment thereof, to wit, those who have voluntarily paid an unconstitutional tax of an equal amount.

Taxation can only be uniform when it operates equally upon all persons and property assessed. Excusing persons from the payment of the tax levied under this act because they had paid a tax voluntarily which never had been levied is fatal to the act. The previous tax, in legal contemplation, has never been levied. The duty of the taxpayer to pay it has never been declared.

The Act of 1874 also infracts the remaining part of sec. 13 of art. 11, inasmuch as the tax levied by it is not based upon an

assessment previously directed to be made by law for the collection of this tax.

" All property in this State shall be taxed in proportion to its value, to be ascertained as directed by law."

There is no such thing as an assessment, except as a means of collecting a tax.

The assessments made for these years—no State tax being levied—must be deemed an assessment for county purposes alone, under sec. 3714 of the Political Code, and must be deemed exhausted when the sole lawful purpose for which it was made was accomplished.

The requirement that property "must be taxed according to law " means its value at the time of the levy of the tax, or the time when the Legislature directs its value to be ascertained as for the purpose of collecting the tax.

*P. Dunlap*, for Respondent.

Was the act equal and uniform in its operation ? We contend that it was, because it levied a tax of fifty cents upon each one hundred dollars of property subject to taxation within this State. What could be more equal and uniform ?

But, says the appellant, the said act excuses certain persons and property from the payment of said tax so levied.

Respondents contend that it does not, because it appears from said act, and is asserted by appellant's counsel, both in his printed points and on argument, that said certain persons and property, before the passage of said Act of March 28th, 1874, had made payment to the State of sums of money equal in amount to said tax levied by said act. Said act provides that where such was the case, that the tax levied by virtue of said act should be marked " paid " on the duplicate assessment book directed by said act to be made; therefore it did not excuse any one from the payment of said tax; and respondents say that it was competent for the Legislature to make such provision, as it was in equity and good conscience bound to do.

The said act does require all persons and property to pay said tax, and prescribes the mode of payment and collection thereof.

The assessment of said tax was made as provided for by law.

Sec. 4 of said act (see Statutes 1873–4, p. 746) provides that the "assessment books of the various counties in this State for each of said years, as delivered by the Clerks of the Boards of Supervisors to the Auditors, are hereby validated in every respect," etc.

The assessment in this case was made in strict compliance with the provisions of Title IX of the Political Code of this State, which will appear by reference to the plaintiffs' complaint, set out in the transcript. We therefore contend that this tax was levied upon an assessment made according to law.

Respondents ask that the judgment be affirmed.

By the COURT:

Action to recover delinquent taxes, levied by the Act of March 28th, 1874, (Statutes 1873–4, p. 746) for the twenty-fourth and twenty-fifth fiscal years.

The tax is attacked on the ground that it violates sec. 11, art. 1 of the Constitution—"All laws of a general nature shall have a uniform operation"; and also sec. 13, art. 11—"Taxation shall be equal and uniform throughout the State." The objection cannot be sustained, for the statute purports to levy a tax upon all property in the State subject to taxation for each of those fiscal years.

The constitutional provision that "All property in this State shall be taxed in proportion to its value, to be ascertained as directed by law," does not require the value of the property to be ascertained after the passage of the act fixing the rate of taxation. That requirement is satisfied by the ascertainment of the value of the property as directed by law; and the Legislature may levy the tax, either before or after the value of the property is ascertained, without any violation of the fundamental rules upon which taxation is based, or indeed any rule of sound financial policy.

No portion of the property liable to taxation for those fiscal years is exempted from taxation. The provision in the act, that the several amounts which had been paid on the property, in

pursuance of a previous invalid levy of taxes, should be credited as a payment, *pro tanto*, of taxes levied by this act, does not amount to an exemption of such property from taxation; and if that provision of the act should be construed as intending that such property would be exempt from taxation, the provision would be void, because in violation of the constitutional provision that *all* property in the State shall be taxed in proportion to its value.

We see no error in the proceedings or judgment.

Judgment and order affirmed.    Remittitur forthwith.

Mr. Chief Justice WALLACE and Mr. Justice McKINSTRY dissented.