[Civ. No. 13803.   Second Dist., Div. Two.   Oct. 14, 1942.]

MICHAEL BLENDER, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Jack Carl Greenburg and Phillip W. Silver for Petitioner.

J. H. O'Connor, County Counsel, and Douglas DeCoster, Deputy County Counsel, for Respondent.

WOOD (W. J.), J.—Petitioner filed an action in the superior court, which he classifies as an action for wrongfully inducing the breach of an employment contract, and on June 16, 1942, the clerk of the superior court issued summons. The defendants presented a motion in the superior court asking that the action be dismissed on the ground that it is an action for slander, no bond having been filed as required by Stats. 1871-72, p. 533, amended by Stats. 1880, p. 81, Act 4317, Deering's General Laws of California. The superior court on June 30, 1942, granted the motion and ordered that the action be dismissed unless a bond be "posted" by July 10, 1942. Petitioner asserts that the action is not for slander and seeks by this proceeding to prohibit the superior court from dismissing the action.

The defendants in the superior court action are American Utilities Company, a corporation, and Fred R. Silverman. The plaintiff (petitioner herein) alleged in his first cause of action that the defendant Silverman was general manager of the defendant corporation and was acting within the course of his employment; that on or about June 10, 1942, while the plaintiff was employed by Jewel Tea Company, a firm engaged in the sale of household commodities to the public, the defendant Silverman, knowing that the plaintiff was employed by Jewel Tea Company as an outside route salesman, wrongfully induced said Jewel Tea Company to discharge plaintiff by falsely stating to Jewel Tea Company that the plaintiff was a thief and had misappropriated property of the American Utilities Company at a time when the plaintiff was working for the American Utilities Company. The plaintiff further alleged in his first cause of action that as a result of the conduct of the defendant Silverman he was discharged by said Jewel Tea Company and that he had thereby been damaged to an extent then unknown to the plaintiff and that the plaintiff later would ask permission of the court to insert the true amount of the damages. The

plaintiff further alleged that the defendants had acted through malice and asked for exemplary damages. In the second cause of action the plaintiff alleged he had been employed by the defendant American Utilities Company as an outside route salesman until February 15, 1942, on which date the defendant terminated his employment; that thereafter the plaintiff sought employment with other firms and was required to disclose his former employment with the American Utilities Company; that on each occasion the prospective employer contacted the defendant American Utilities Company; that the defendants falsely stated to the prospective employers that the plaintiff was a thief and that he had misappropriated property of the American Utilities Company during his employment. That the defendant Silverman made these statements knowing them to be false; that the plaintiff is being prevented from obtaining employment, has suffered great mental anguish and has suffered general damages in the sum of $5,000; that each and every act committed by the defendants was actuated by malice and ill will. The plaintiff asked that exemplary damages be assessed against the defendants in the sum of $5,000, and also asked that the defendants be enjoined from repeating to others the statements complained of and from advising others against employing the plaintiff.

■ Petitioner had a property right in his contract with Jewel Tea Company and as a party to this contract he had a right of action against those who may have procured a breach of it otherwise than in the legitimate exercise of their own rights. (*Imperial Ice Co.* v. *Rossier*, 18 Cal.2d 33 [112 P. 2d 631]; 84 A.L.R. 55.) Such an action is of a type different and distinct from an action for slander. Especially is this true of the first cause of action set forth in the complaint, wherein the plaintiff seeks a judgment for damages suffered because of wrongful interference with the plaintiff in his employment with Jewel Tea Company. In this cause of action no damages are sought for loss of reputation, shame and injury to feelings, which are customarily sought in actions for slander; nor are the specific words uttered by the defendant set forth in the complaint. The defamatory language referred to in the complaint, according to the allegations, was uttered in order to bring about the discharge of the plaintiff. The fact that the language uttered by the defendants might be set forth in a complaint in such manner as to form the basis for an action for slander does not pre-

vent the plaintiff from maintaining an action for the wrongful interference with his contract of employment.

The demurrer heretofore presented is overruled and the issuance of a peremptory writ of prohibition is ordered.

Moore, P. J., and McComb, J., concurred.