[Civ. No. 19204. Fourth Dist., Div. Two. Nov. 16, 1978.]

LAKE FOREST COMMUNITY ASSOCIATION,
Plaintiff and Appellant, v.
COUNTY OF ORANGE, Defendant and Respondent.

COUNSEL

Hickey & Neuland and William P. Hickey for Plaintiff and Appellant.

Adrian Kuyper, County Counsel, and Laurence M. Watson, Deputy County Counsel, for Defendant and Respondent.

## OPINION

**KAUFMAN, Acting P. J.**—Lake Forest Community Association (Association) instituted this action against County of Orange (County) to recover ad valorem property taxes paid under protest. From judgment in favor of County, Association appeals.

Lake Forest is a planned residential community development (see Bus. & Prof. Code, § 11003) located in an unincorporated portion of southern Orange County. The homes and the lots on which they are built are

individually owned. Recreational and common-use areas are commonly owned. Many of the homes do not have traditional backyards or recreational areas.

Association is an "owners association" (see Bus. & Prof. Code, § 11003.1) organized as a nonprofit California corporation to operate and maintain for the benefit of its members the recreational facilities and common areas and to enforce a recorded declaration of covenants, conditions and restrictions within Lake Forest.

Its membership consists exclusively of homeowners within Lake Forest, and homeowner membership in the Association is mandatory. Association's income is derived solely from annual assessment of the membership and fees charged for the use of certain of the facilities to defray the expenses involved. All of Association's income is expended solely for the operation of the Association and the maintenance and care of its property for the benefit of its members. Association is tax exempt under both the Internal Revenue Code and the California Revenue and Taxation Code.

One of the common-use facilities in Lake Forest is a clubhouse, and title to the clubhouse is held by Association. The clubhouse is located on a separate assessor's parcel. However, pursuant to Revenue and Taxation Code section 2188.5, the real property taxes levied against the clubhouse and the parcel of land on which it is located are assessed to the separately owned residential properties owned by Association's members. No natural person nor family resides within the clubhouse or on the parcel of land on which the clubhouse is located.

Association also holds title to certain personal property which was located in and around the clubhouse on March 1, 1975, the lien date for 1975-1976 property taxes. Illustrative of the nature of this property are the following items described on exhibit "B" attached to the stipulation of facts submitted to the trial court: Teen room equipment, billiard table, pool umbrellas, outside chairs and lounges, pool furniture, typewriter, pool table, television, card table and chairs, lounge furniture, bookcase, and folding chairs.

County's assessor assessed this property (hereafter the property or the assessed property) for fiscal year 1975-1976, and taxes were levied against Association in the amount of $2,126.50. Association paid the tax under written protest. After unsuccessfully seeking relief from County's assess-

ment appeals board and seeking a refund, Association filed this action for refund contending the property was exempt from taxation under the provisions of either California Constitution, article XIII, section 3, subdivision (m), or Revenue and Taxation Code section 224 or both. (All further statutory references will be to the Revenue and Taxation Code unless otherwise specified.) The trial court apparently found the assessed property was not held or used by Association in connection with a trade, profession or business. It concluded, however, the property was not exempt[1] and rendered judgment for County.

California Constitution, article XIII, section 3, subdivision (m) (hereafter article XIII, section 3(m)), added November 5, 1974, provides: "The following are exempt from property taxation: [¶] (m) Household furnishings and personal effects not held or used in connection with a trade, profession, or business."

Omitting its final paragraph which is not pertinent, section 224 as last amended in 1974 (Stats. 1974, ch. 311, § 25, p. 598) reads: "The personal effects, household furnishings, and pets of any person shall be exempt from taxation. [¶] The phrase 'personal effects, household furnishings, and pets' does not include boats, aircraft, vehicles, or personalty held or used in connection with a trade, profession or business or pets so held or used."

Association's primary contentions are that the assessed property qualifies as household furnishings and personal effects within the meaning of both article XIII, section 3(m) and section 224 and that Association is a "person" within the meaning of section 224 so that the property is both constitutionally and statutorily exempt.

---

[1]The trial court concluded in part: "4. In order for personal property to be entitled to the 'personal effects and household furnishings exemption,' the property (a) must be physically part of a household . . . .

"5. A household is a domestic establishment in which a group of individuals dwell under the same roof as a family on a regular basis.

"6. The clubhouse . . . is not a household because it is not a domestic establishment in which a group of individuals dwell under the same roof as a family on a regular basis.

"7. The subject property is not entitled to the 'personal effects and household furnishings' exemption because it is not physically part of a household.

"8. A corporation cannot maintain a household.

"9. . . . The word 'person' in Section 224 must be limited to persons who own or possess property which is physically part of a household."

County concedes the property is of the type that would be exempt if it were owned by a "householder" and used in a "household."[2] It contends, however, that (1) article XIII, section 3(m) and section 224 apply only to the property of "householders" and Association, being a corporation, is not a "householder" and (2) in order to qualify for the exemption property must be physically part of a "household" and kept for household use or purposes and since the assessed property is owned by a corporation which is incapable of maintaining a household, the assessed property was not physically a part of a household or kept for household use or purposes and was, therefore, not exempt.

■ We have concluded the property was exempt under section 224; the statutory language "any person" is sufficiently broad to include Association and is not restricted to "householders"; to constitute "household furnishings" it is not necessary that property be physically a part of a "household," at least in the traditional sense of the word; and, while County is correct that property must be held for household use or purposes to qualify as "household furnishings," Association does hold the assessed property for household use or purposes as those terms are properly construed. Accordingly, we make no attempt to determine whether the property might also have been exempt under article XIII, section 3(m) and we discuss that constitutional provision and its predecessor only to the extent required to explain the legislative history of section 224. Neither do we find it necessary to consider as a separate contention Association's argument that the property was exempt because its beneficial interest is equitably owned by members of the Association, all of whom are "householders," or to pass upon Association's contention that the property must be held exempt to avoid double taxation inasmuch as the right to use the assessed property has enhanced the assessed value of the homes of Association's members for purposes of real property taxation.

---

[2]Pursuant to its statutory authority (Gov. Code, § 15606) the State Board of Equalization has promulgated a regulation which purports to identify the kinds of property eligible for the exemption set forth in section 224. It provides in part: "Household furnishings are personal property and include such items as furniture, appliances, rugs, cooking utensils, and art objects. . . . [¶] Personal effects is a category of personal property which includes such items as money kept for household use, clothing, jewelry, tools, hobby equipment and collections, and other recreational equipment. By statute, it does not include boats, aircraft and vehicles.

" . . . . . . . . . . . . . . . .

"Storage in a warehouse or other place of safekeeping in and of itself does not alter the status of such property. . . ." (Cal. Admin. Code, tit. 18, § 134.)

County's contention that both article XIII, section 3(m) and section 224 apply only to "householders" is based on the legislative history of those provisions and two related sections of the Revenue and Taxation Code. With respect to section 224, at least, County's analysis of the legislative history is faulty.

The predecessor of article XIII, section 3(m) was article XIII, section 10½ added to the California Constitution November 8, 1904. Commonly referred to as the "householder's exemption," it provided: *"The personal property of every householder* to the amount of $100, the articles to be selected by each householder, shall be exempt from taxation." (Italics added.)

Following the grant of authority to the Legislature in 1933 to prescribe personal property tax exemptions by statute,[3] section 210 was enacted, providing: "The householder's exemption is as specified in Section 10½ of Article XIII of the Constitution." (Stats. 1939, ch. 154, § 210, p. 1282.) In 1968, section 210 was amended by the addition of the language, "If a householder fails to select the personal property to be exempted, the assessor shall apply the one-hundred-dollar ($100) exemption to household furnishings and personal effects not otherwise exempted by law." (Stats. 1969, First Ex. Sess. 1968, ch. 1, § 2, p. 7.)

In the same act (Stats. 1969, First Ex. Sess. 1968, ch. 1, § 5, pp. 8-9) section 224 was enacted, reading: "The personal effects and household furnishings in excess of one hundred dollars ($100) of *every householder* shall be exempt from taxation. [¶] The word *'householder'* means any person owning, purchasing or renting real property which he is using regularly, if not continuously, as a residence or residences. [¶] The phrase 'personal effects and household furnishings' does not include boats, aircraft, vehicles, or personalty held or used in connection with a trade, profession or business." (Italics added.)

---

[3]Prior to 1933 the Legislature was not authorized to enact statutory property tax exemptions. (See *People* v. *Latham,* 52 Cal. 598, 602; *Minturn, et al.* v. *Hays,* 2 Cal. 590, 592.) In 1933 article XIII, section 14 of the Constitution was amended to provide in part: "[T]he Legislature, two-thirds of all of the members elected to each of the two houses voting in favor thereof, may classify any and all kinds of personal property for the purposes of assessment and taxation in a manner and at a rate or rates in proportion to value different from any other property in this State subject to taxation and may exempt entirely from taxation any or all forms, types or classes of personal property." (See now art. XIII, § 2 (added Nov. 5, 1974).)

Thus, it is apparent, as County asserts, that in 1968 article XIII, section 10½, section 224 and section 210 all applied only to property of a "householder." Additionally, it is noteworthy that the exemption prescribed in section 224 was not merely coextensive with, but was in addition to, the exemption set forth in article XIII, section 10½. Article XIII, section 10½ exempted all personal property of every householder up to the amount of $100; section 224 exempted all personal effects and household furnishings of every householder in excess of $100.[4]

In 1969, section 224 was again amended to eliminate all references to "householder" and the definition of "householder" found in the section as amended in 1968. The amended section read: "The personal effects and household furnishings of *any person* in excess of the amount of any exemption allowed to *the person* on any property pursuant to Section 10½ of Article XIII of the State Constitution shall be exempt from taxation. [¶] The phrase 'personal effects and household furnishings' does not include boats, aircraft, vehicles, or personalty held or used in connection with a trade, profession or business." (Italics added.)

County urges that notwithstanding the elimination of the word "householder" and the substitution therefor of the words "any person" and the elimination of the statutory definition of a "householder," section 224 as amended in 1969 must still be read as referring only to the property of a "householder." Its argument appears to be that since article XIII, section 10½ applied only to property of a "householder," the clause "in excess of the amount of any exemption allowed to *the person* on any property pursuant to Section 10½ of Article XIII" (italics added) indicates that the statutory language "any person" was intended to be limited to a "householder." We believe not.

In the first place, it is simply contrary to common sense that the Legislature would go to all the trouble of deleting all reference in section

---

[4]It was apparently the legislative intent that, together, article XIII section 10½, and sections 210 and 224 would have the effect of exempting from taxation all household furnishings and personal effects. The 1968 amendments to sections 210 and 224 were expressly made inoperative unless Senate Constitutional Amendment No. 1, known as Proposition 1-a, should be approved by the voters in the general election on November 5, 1968. (Stats. 1969, First Ex. Sess. 1968, ch. 1, § 34, p. 24.) The pamphlet distributed to the voters by the Secretary of State in connection with Proposition 1-a included an analysis by the Legislative Counsel which purported to summarize the effects of the amendments to sections of the Revenue and Taxation Code made contingent upon the passage of the proposition. It stated in relevant part: "Exempts all household furnishings and personal effects of a householder . . . ." The argument in favor of the passage of the proposition included in the pamphlet stated: "The property tax on household belongings will be totally eliminated."

224 to "householder" as well as the definition of "householder" previously set forth in the section and yet intend that the section should remain limited in application to the property of a "householder." Secondly, the interpretation argued for by County is contrary to the well-established rule of statutory interpretation that it is ordinarily to be presumed that the Legislature by deleting an express provision of a statute intended a substantial change in the law. (*People* v. *Valentine,* 28 Cal.2d 121, 142 [169 P.2d 1]; *Estate of Todd,* 17 Cal.2d 270, 274-275 [109 P.2d 913]; *Abbott* v. *City of San Diego,* 165 Cal.App.2d 511, 524 [332 P.2d 324].) ■ As observed in *Valentine*: "It has been repeatedly declared that where changes have been introduced by amendment it is not to be assumed that they were without design and, further, that by substantially amending a statute the Legislature demonstrates an intent to change the preexisting law." (28 Cal.2d at p. 142.)

Moreover, the Legislature was not entirely silent as to the purpose of the 1969 amendment to section 224. Its purpose was expressed in the act as follows: "[T]here is nonuniformity in the manner in which assessors are applying the exemption for personal effects and household furnishings and in order to avoid confusion and *to assure that all persons in the same circumstances throughout the state will be treated equally,* it is necessary to immediately clarify the intention of the Legislature in providing the exemption." (Stats. 1969, ch. 88, § 4, p. 212.) (Italics added.)

We are satisfied, therefore, that the words "in excess of the amount of any exemption allowed to *the person* on any property pursuant to Section 10½ of Article XIII" were not intended to restrict the designation "any person" to a "householder." Rather, what was intended was that if a $100 exemption were available under article XIII section 10½ then all personal effects and household furnishings in excess of $100 would be exempt under section 224 but that if no exemption were provided by article XIII, section 10½, all personal effects and household furnishings would be exempt by virtue of section 224. As previously noted, the voters were told in the voter's pamphlet in connection with Proposition 1-a in 1968 that it was the legislative intention if Proposition 1-a should be approved that "[t]he property tax on household belongings will be totally eliminated." (See fn. 4, *ante.*) Our interpretation of section 224 as amended in 1969 gives effect to that legislative purpose and accords with the clarification of the legislative intent expressly included in the 1969 amendatory statute.

■ Thus, we are led inexorably to the conclusion that the Legislature intended the exemption prescribed in section 224 as amended in 1969 to apply to a class of property—"household furnishings"—rather than a class of persons—"householders."

In 1972 section 224 was again amended to add to the property exempted pets not held or used in connection with a trade, profession or business; otherwise, no substantive change was effected. (See Stats. 1972, ch. 4, § 2, p. 4.) So far as the present case is concerned, the only relevance of the 1972 amendment is its further demonstration that section 224 was not intended to be coextensive with article XIII, section 10½.

On November 5, 1974, the voters approved Assembly Constitutional Amendment No. 32 (Stats. 1974, res. ch. 70) (hereafter ACA 32) which repealed article XIII, section 10½ and added article XIII, section 3(m) to the California Constitution as presently worded. (See text foll. fn. 1, *ante*.) Article XIII, section 3(m), of course, makes no reference to "householder" and simply provides that household furnishings and personal effects not held or used in connection with a trade, profession or business are exempt from taxation. (Concomitantly, § 224 was amended to its present wording.) (Stats. 1974, ch. 311, § 25, p. 598 [see text foll. fn. 1, *ante*.].) This latest amendment to section 224 effected no substantive change but merely rearranged and simplified some of the statutory language. At the same time section 210 was also amended to provide: "The *householder's exemption* is as specified in subdivision (m) of Section 3 of Article XIII of the Constitution." (Stats. 1974, ch. 311, § 17, p. 593.) (Italics added.) County urges that notwithstanding the absence of any reference to "householder" in article XIII, section 3(m), the constitutional exemption nevertheless continues to apply only to property of a "householder." This argument is based on the fact that section 210 refers to the exemption provided for in article XIII, section 3(m) as "[t]he householder's exemption" (see also § 210.5,[5]) and the fact that in the voter's pamphlet distributed by the Secretary of State in respect to ACA 32, which was Proposition 8 on the November 5, 1974, ballot, in the argument in favor of the proposition it was stated that it was not the purpose of the

---

[5]Section 210.5 was also amended in 1974 (Stats. 1974, ch. 311, § 18, p. 593). It reads: "The surviving spouse of an established *household,* whether with or without dependents, as long as the family home is maintained is a *householder* and is entitled to the exemption from taxation provided by subdivision (m) of Section 3 of Article XIII of the Constitution of California." (Italics added.)

amendment to make a change in the existing tax structure.[6] Inasmuch as we have concluded that the exemption prescribed in section 224 is not limited to "householders," and in view of the fact that the exemption provided in section 224 has never been coextensive with the constitutional exemption, we find it unnecessary to determine whether the constitutional exemption as presently worded applies only to the property of a "householder" notwithstanding that the word "householder" is not included in its language. We do agree, however, that the 1974 amendment to section 224 effected no substantive change and requires no reevaluation of our conclusion that the exemption prescribed in section 224 is not limited to the property of a "householder."

■ Having rejected County's argument that the term "any person" in section 224 is restricted to "householders," we have no difficulty concluding that "any person" includes a nonprofit corporation homeowners' association such as Association. Section 19 expressly provides: " 'Person' includes any person, firm, partnership, association, corporation, company, syndicate, estate, trust, business trust, or organization of any kind." Section 5 provides: "Unless the context otherwise requires, the general provisions hereinafter set forth govern the construction of this code." County, of course, urges that the context does otherwise require, because section 224 applies only to the property of a "householder," and Association is incapable of being a "householder." However, we have rejected the premise that section 224 is limited to "householders," and County's conclusion that the context otherwise requires falls with the premise.

■ We must also reject County's somewhat interrelated argument that to be exempt property must be physically a part of an established household which it defines as "a place where a group of individuals dwell under the same roof and compose a family."

In the first place, since the persons entitled to the statutory exemption need not be "householders," it would be anomalous to defeat the legislative intent to exempt all persons owning personal property of the designated type by imposition of a requirement that the property be part of an established "household." Where there is an established "house-

---

[6]The pertinent statement read: "The purpose of this amendment is not to make a change in our present tax structure, but to make the Constitution more readable and workable. To accomplish this goal, some of the present provisions are transferred to statute. None of these transferred provisions, however, are of a substantive nature. This means that the essence of the present Article is retained, but made more understandable."

hold" there is most likely a "householder," and the elimination of the requirement for the latter is a forceful argument for rejection of the former. Furthermore, the legislative history surrounding the 1969 amendment to section 224 rather explicitly indicates that one of the motivations for the amendment was to prevent the assessment of household belongings kept in storage by nonhouseholders.[7] This is manifested in the provision of a regulation promulgated by the State Board of Equalization, the relevant portion of which reads: "Storage in a warehouse or other place of safekeeping in and of itself does not alter the status of such property. . . ." (Cal. Admin. Code, tit. 18, § 134 [see fn. 2, *ante*].) Rather obviously, property held in storage by a nonhouseholder is not physically part of an established household as defined by County. Nevertheless, both the legislative history of section 224 and the regulation clearly indicate that such property, if it would otherwise constitute "household furnishings," was intended to be exempt.

Thus, it appears that the legislative design in specifying "household furnishings" as the exempt property was not to require physical integration of the property into an established dwelling or abode, but to define descriptively or generically a class of personal property exempted by the statute. In other words, "household furnishings" as that term is used in section 224 refers to personal property of the type or class normally found or used in, or associated with, a household and which is held or kept for household use or purposes.

This definition coincides with that adopted by the State Board of Equalization in its letter opinion to County's assessor concerning this matter issued April 22, 1975, pursuant to Government Code section 15606. The opinion signed by tax counsel for the board states: "Household furnishings, therefore, mean those items of personal property normally found around the home and used by members of a family."[8]

---

[7] The staff analysis of Senate Bill No. 153 which eventually became chapter 88 of the 1969 Statutes contained the following note: "(This was suggested by the State Board of Equalization after the Assessors of several counties required storage companies to report household goods in storage with the intent to assess these against the owner if not owning or renting a residence.)"

[8] The definition of "household furnishings" in these terms is also consistent with County's interpretation of the State Board of Equalization's regulation found in section 134 of title 18 of the California Administrative Code purporting to set forth examples of the type of property that is included within the terms "household furnishings" and "personal effects." (See fn. 2, *ante*.) County interprets the regulation as specifying as personal effects which are exempt only those which are "kept for household use." We are not called upon in this appeal to determine the validity of County's interpretation of the regulation.

County contends, however, that "the subject personal property is not kept or used by anyone for 'household' purposes." Its argument appears to be that since the assessed property was located in and around Association's clubhouse where no one resides and which constitutes a tax parcel separate and apart from any on which a home is situated, the property cannot be said to be kept or held for household use or purposes. We cannot agree that "household use" or "purposes" is to be given such a narrow meaning. Indeed, the restricted meaning ascribed by County to this expression reflects its view, already rejected by us, that "household furnishings" is restricted to property of a "householder" physically a part of a "household."

Moreover, the restricted meaning County would ascribe to "household use" or "purposes" is contrary to the persuasive portions of the letter opinion of the State Board of Equalization upon which it relies. After stating, as previously mentioned, that "household furnishings" means "those items of personal property normally found around the home and used by members of a family," the opinion goes on: *"This definition, however, should not be so narrowly construed as to exclude property owned in common with others when it is used as household furnishings. Also 'family' should not be looked upon in the strict sense, but should include groups of persons living together and even individuals living separately.* [Italics added.]

"At times, residents of condominium and planned-unit development projects share the ownership of personal property used in conjunction with recreational and other facilities such as game rooms, swimming pools, and dining rooms. Developers of such projects undoubtedly found buyers interested in joint ownership, and the providing of such facilities to be an inducement for sales. The nature of the facilities varies considerably from project to project, depending on the developer's idea of what the desires and needs of their particular buyers will be. The more elaborate projects offer a separate clubhouse with recreational and athletic facilities.

"*We believe that the household furnishings and personal effects exemption applies to some, but not all, of the personal property used in conjunction with facilities of the type we have been discussing.* In order for personal property to be physically part of a household we believe it must be located on the same parcel of real property serving as the location of one or more living units of the joint owners. Personalty located on a separate

parcel, such as would be improved with a clubhouse, is too remote from any household to be included within the exemption. [Italics added.]

"We also would not extend the exemption to any personal property owned by a homeowners' association, whether it is incorporated or unincorporated, on the basis that the exemption only extends to natural persons. We have already noted that 'household' connotes use by members of a family, and while we believe that it is appropriate and necessary to include single persons and groups of individuals living together within this term, we do not believe that the term has application to separate entities that exist only in legal contemplation."

█  While the construction of a statute by the officials charged with its administration is entitled to great weight, final responsibility for the interpretation of the law rests with the courts. (*Sanchez* v. *Unemployment Ins. Appeals Bd.,* 20 Cal.3d 55, 67 [141 Cal.Rptr. 146, 569 P.2d 740]; *Morris* v. *Williams,* 67 Cal.2d 733, 748 [63 Cal.Rptr. 689, 433 P.2d 697].) We fully agree with the letter opinion of the board to the extent it indicates that "household furnishings" should not be narrowly defined and that, to the extent the concept of "family" is involved, it "should not be looked upon in the strict sense, but should include groups of persons living together and even individuals living separately." Giving "family" that broad interpretation, we also accept board's view that household use or purposes "connotes use by members of a family." That is precisely correct. "Household use" or "purposes" means the uses customarily made of personal property by an individual or several individuals in conjunction with their home or other living quarters.

So, contrary to County's assertion, the assessed property was and is kept for household use or purposes. It is held by Association for the exclusive use of its members, all of whom are and are required to be homeowners, as an adjunct to and in connection with their residences. The use of the property made by Association's members is clearly "household" use, that is, it is the kind of use customarily made of such personal property by members of a family in connection with their home or residence. Indeed, broadly defined, their use is familial. Contrary to County's argument, their use is not the same as that of the members of a fraternal lodge or service club. The distinguishing feature is that Association's members use the property in conjunction with and in a real sense as a part of their home. By contrast, the use made of recreational equipment and furnishings by members of a fraternal organization or service club is not an adjunct to their residences or homes and is not the

kind of use customarily made by a family of personal property in conjunction with their home or living quarters.

Board's opinion apparently recognizes the propriety of these conclusions for it indicates that the statutory exemption would be applicable to the assessed property if it were located "on the same parcel of real property serving as the location of one or more living units . . . ." We cannot accept, however, the conclusion that to be exempt the property must be located on the same parcel as one or more living units. The use to which the property is put or the purpose for which it is kept is not determined by the parcel on which it is located. There is nothing in the statute or its history nor in common sense or logic that justifies this distinction and it must be concluded it is purely artificial and arbitrary. It appears to be based in large part on the already discredited assumption that to be exempt property must be "physically part of a household." Even if the distinction had some rational basis in the abstract, it would have none here, for, as previously indicated, the real property taxes levied against the clubhouse and the parcel of land on which it is located are assessed to the separately owned residential property owned by Association's members pursuant to section 2188.5. Thus, for purposes of property taxation, the parcel upon which the clubhouse is situated is not completely separate and distinct from the parcels on which the membership's homes are built.

Needless to say, we also cannot accept the conclusion in the letter opinion that the exemption extends only to natural persons. This is but a variant of the conclusion that the exemption extends only to the property of "householders." As previously explained, "any person" as used in section 224 includes a nonprofit corporation such as Association by virtue of the definition of "person" found in section 19.

The use of the assessed property made by Association's members is in practical effect the same as that made by a family of furnishings and recreational property in and around their home. The property is the functional equivalent of furnishings and recreational equipment used by a family in and around their home. Our conclusion that the property constitutes "household furnishings" exempted from property taxation under section 224 fully accords with the stated legislative purpose for the last substantive amendment to the section in 1969, "to assure that all persons in the same circumstances throughout the state will be treated equally." (Stats. 1969, ch. 88, § 4, p. 212.)

The judgment is reversed with directions to the trial court to enter judgment for plaintiff.

McDaniel, J., and Morris, J., concurred.