Filed 9/24/14  Allen v. WCAB CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| TINA ALLEN, | C071912 |
| Petitioner, | (Super. Ct. No. ADJ3147570) |
| v. | |
| WORKERS' COMPENSATION APPEALS BOARD and AT&T, | |
| Respondents. | |

In this writ proceeding, we conclude the Workers' Compensation Appeals Board (the Board) correctly denied petitioner Tina Allen's claim she was not rehired by her former employer on discriminatory grounds in violation of Labor Code section 132a (section 132a).  The Board's previous determination that Allen's termination was lawful was res judicata, and thus section 132a could not apply to Allen's request for reinstatement, as no employment relationship existed at the time the employer denied her request.

1

Respondent AT&T employed Allen as a service representative in Dublin. In February 2007, AT&T notified Allen she was in violation of company standards for having too many absences from work. It told Allen she would be dismissed if she had an additional absence.

On March 8, 2007, Allen fell while attempting to sit in her chair at work. She injured her right hip and buttocks, lower back, and left hand. On April 7, 2007, she apparently aggravated the injury while dancing, and she returned to her Stockton doctor, Dr. David Clarence Rodgers of Kaiser Permanente, on April 9, 2007. Dr. Rodgers placed her on temporary disability on April 9 and 10, 2007, but directed she return to work at modified duty on April 11, 2007.

On April 11, 2007, Allen did not return to work, but visited a different Kaiser Permanente doctor, Dr. Sidhartha Gurung, at Kaiser Permanente in Tracy. Allen alleges Dr. Gurung placed her on temporary disability from April 11 through April 19, 2007, when she was to return to meet with Dr Rodgers.

On April 19, 2007, Allen met with Dr. Rodgers. He concluded Allen was able to return to work that day. He also advised her he would not approve any additional time off. Allen asked to see another doctor for a second opinion.

Allen returned to work the following day, April 20. She was immediately suspended from work and scheduled for dismissal pending an investigation into her April 19 absence.

On May 3, 2007, Dr. Rodgers added an addendum to his earlier reports. He stated Allen's pain for which she was placed on temporary disability for April 9 and April 10 occurred because she had been dancing on April 7. As a result, he determined the time off on April 9 and 10 was nonindustrial.

By letter dated May 8, 2007, AT&T informed Allen it was accepting liability for her worker's compensation injury. However, it could not pay her temporary disability

payments at that time because her physician stated she could return to work as of April 19. Therefore, it considered the absences on April 9, April 10, and April 19 as nonindustrial.

Allen filed a claim with the Board on May 31, 2007. She alleged she was temporarily and totally disabled on the dates of April 9 through April 13, 2007, and April 19, 2007, as a result of her March 8 injury.

On July 2, 2007, AT&T welcomed Allen back to work because it had received a disability approval notice. However, it informed her the April absences were still under investigation, and if it determined they were not workers' compensation absences, it would terminate her employment.

Eight days later, on July 10, AT&T informed Allen she was being terminated. It had "re-confirmed" her absences of April 9 through April 13, 2007, and April 19, 2007, were "Final WC denied." She was therefore deemed not to be in compliance with the company's absence policy and was dismissed.

Allen amended her claim before the Board to allege she had been dismissed based on an industrially-caused disability, a form of discrimination in violation of Labor Code section 132a.[1] She asserted AT&T wrongfully dismissed her on the basis of her April absences being denied workers' compensation coverage, as those absences were the subject of her earlier filed claim with the Board and no determination had been made that they were or were not work related.

Allen underwent a qualified medical examination on August 9, 2007. The doctor, Dr. Bruce E. Thompson, concluded Allen was completely healed from her fall. He also stated there was "no reasonable medical evidence to support the conclusion that the dancing of 7 April significantly aggravated her condition." The report indicated the

---

[1]     Subsequent undesignated references to sections are to the Labor Code.

entirety of Allen's medical condition and any resultant disability were solely related to the work injury.

Thereafter, the parties entered into a settlement. By agreement dated January 16, 2008, and approved by order of the workers' compensation judge (WCJ) on that date, AT&T agreed to pay Allen $1,080. The settlement agreement stated: "This resolves the dispute of TD for the period of 4-9-07, 4-10-07, 4-11-07, 4-12-07, 4-13-07 & 4-19-07."

Allen alleges she requested AT&T to reinstate her after the settlement was reached. Presumably, AT&T did not, as Allen's claim for discrimination in her termination went to trial before a WCJ in 2009. Following trial, the WCJ ruled in favor of Allen. He found AT&T had wrongfully terminated her in violation of section 132a because the issue of whether her absences in April 2007 were workers' compensation absences, the issue that led AT&T to terminate Allen, was still in dispute when she was dismissed. The WCJ ordered AT&T to reinstate Allen.

AT&T filed a petition for reconsideration. The WCJ granted the petition, reversed its prior ruling, and ruled in favor of AT&T. The WCJ expressly found Allen was unable to work on the dates of her April 2007 absences because of her work-related injury. However, the WCJ effectively concluded he had applied an improper standard in his earlier decision for determining whether AT&T had discriminated against Allen in violation of section 132a when it terminated her. On reconsideration, he applied the standard announced in *Department of Rehabilitation v. Workers' Comp. Appeals Bd.* (2003) 30 Cal.4th 1281, 1298 (*Lauher*), and determined Allen had failed to establish AT&T discriminated against her in violation of section 132a when it terminated her.

The WCJ read *Lauher* to require Allen, in order to establish a violation of section 132a, to prove AT&T treated her differently in a detrimental way because she sustained an industrial injury, not simply that an action taken as a result of her injury caused her detriment. The WCJ held Allen could not make that showing. AT&T terminated Allen because she failed to comply with the company's absence policy. Even though AT&T

4

may have incorrectly determined she violated that policy by counting temporary disability absences against her, there was no evidence AT&T treated her differently on account of her industrial injury. The WCJ ruled AT&T simply followed its policy.

Allen petitioned for reconsideration. The WCJ prepared a report and recommendation for the Board recommending reconsideration be denied. He again reasoned Allen had failed to establish section 132a discrimination under the *Lauher* standard. However, in a comment that set up this action, the WCJ gratuitously referred to his earlier finding that Allen's April 2007 absences had in fact been for temporary disability. He wrote that with that finding having been made, "if [Allen] were to re-approach her employer regarding termination, there may be a different result if the employer continues to consider the dates for which it has now been determined the [Allen] was temporarily and totally disabled. That issue, however, is not properly before the court."

On January 13, 2011, the Board approved the WCJ's recommendation and denied reconsideration.

Allen did not seek review of the Board's decision in this court. (See § 5950.) Instead, she "re-approached [AT&T] regarding [her] termination" by sending several letters to AT&T requesting she be reinstated to her employment on account of the WCJ's determining her April 2007 absences were for work-related temporary disability. AT&T never responded to her requests and did not reinstate her.

Allen filed a second claim with the Board on or about January 19, 2011, alleging AT&T violated section 132a by not reinstating her after the Board found her April 2007 absences were due to temporary disability.

In May 2012, the same WCJ who had heard her first claim denied Allen's latest claim, ruling AT&T's refusal to reinstate Allen did not violate section 132a. First, the WCJ ruled the Board had no jurisdiction to act on Allen's claim. Allen made her requests for reinstatement when no employment relationship existed between her and

5

AT&T.  Under the Fourth District Court of Appeal's ruling in *City of Anaheim v. Workers' Comp. Appeals Bd.* (1981) 124 Cal.App.3d 609 (*City of Anaheim*), the lack of an employment relationship or any other type of nexus between the two parties precluded application of section 132a, leaving the Board with no jurisdiction to address the claim.

Second, even if there were a nexus between Allen and AT&T when she sought reinstatement, Allen still could not recover under section 132a.  She did not show AT&T's refusal to rehire her was related to her earlier workers' compensation claim, and she did not satisfy the other requirements of *Lauher*.

Allen petitioned for reconsideration.  The WCJ filed his report recommending the petition be denied.  He repeated his reasoning from his original decision.  He particularly noted the Board had previously determined Allen's termination by AT&T was valid, and that decision was final.  Because her termination was valid, there was no employment relationship or any kind of nexus or reservation of rights by Allen at the time she sought reinstatement.  Thus, the Board lacked jurisdiction to provide her relief.

In July 2012, the Board agreed with the WCJ's report, and it denied Allen's petition for reconsideration.

Allen filed a petition for review.  She alleged the Board erred as follows:

1.      The Board's decision that no employment relationship or nexus existed at the time Allen sought reinstatement lacked substantial evidence and was based on errors of law.  She contends an employment relationship is presumed to exist when an employee seeks reinstatement where the discharge violated section 132a.  Alternatively, she asserts a sufficient nexus existed due to the Board's factual finding that her April 2007 absences were for temporary disability.

2.      The Board's decision that Allen failed to satisfy *Lauher*'s requirements for establishing discrimination under section 132a was erroneous as a matter of law and was not supported by substantial evidence.  She contends both her discharge and the decision not to reinstate her violated section 132a under *Lauher*, and that AT&T is bound by the

6

Board's finding that her April 2007 absences were in fact work related.  She asserts she did not waive these arguments by entering into the settlement agreement with the Board for payment of compensation for her April absences.

We issued a writ of review, and now proceed to address her claims.

DISCUSSION

Our resolution of this case hinges on Allen's failure to seek judicial review of the Board's January 13, 2011 decision on her first claim denying reconsideration and finding Allen's termination did not violate section 132a.[2]  The Board's decision was a final order subject to judicial review.  The failure to seek review within the time allotted by statute renders that order final and immune from legal attack.  As a result, we cannot disturb the Board's finding that AT&T did not violate section 132a when it terminated Allen.  Because her termination is deemed lawful, Allen cannot bring a second claim demanding reinstatement.

"[A] petition for review of an order by the [Board] lies when the order conclusively determines, for purposes of the compensation proceeding, a substantial issue basic to the employee's entitlement to benefits.  [Citation.]"  (*Maranian v. Workers' Comp. Appeals Bd.* (2000) 81 Cal.App.4th 1068, 1078.)  Such an order is a final order "whether or not it resolves all the issues in the proceeding or represents a decision on the right to benefits.  (*Id*. at p. 1075.)  If the Board hears a petition for reconsideration, "the Board's subsequent decision is 'final' for purposes of appellate review.  [Citation.]"  (*Kosowski v. Workers' Comp. Appeals Bd.* (1985) 170 Cal.App.3d 632, 636, fn. 2.)

In this matter, the Board on January 13, 2011, conclusively determined not just a substantial issue basic to Allen's claim, but in fact her entire claim.  After the parties executed the settlement agreement, the only issue left to be resolved was whether AT&T

---

[2]      We requested, and received, supplemental briefing by the parties on this issue.

7

had terminated Allen in violation of section 132a.  The Board resolved this issue on reconsideration in favor of AT&T.  As a result, that decision was final and ripe for appellate review.

"The characterization of an order or decision as final and susceptible to judicial review has critical consequences.  The failure of an aggrieved party to seek judicial review of a final order of the [Board] bars later challenge to the propriety of the order or decision before either the [Board] or the court.  [Citations.]"  (*State Farm General Ins. Co. v. Workers' Comp. Appeals Bd.* (2013) 218 Cal.App.4th 258, 268.)

To obtain judicial review, a party must petition the Court of Appeal for a writ of review "within 45 days after a petition for reconsideration is denied."  (§ 5950.)  The 45-day time limit to file a petition for writ of review "is jurisdictional."  (*Malloy v. Workers' Comp. Appeals Bd.* (1991) 1 Cal.App.4th 1658, 1661.)

Allen did not file a petition for a writ of review within 45 days after the Board issued its January 13, 2011 decision denying reconsideration.  As a result, that decision and the issues it decided are final and have res judicata effect, and we have no jurisdiction to review them, even though the petition asks us to do so.  (*Azadigian v. Workers' Comp. Appeals Bd.* (1992) 7 Cal.App.4th 372, 376-377.)  Accordingly, it is now beyond Allen's reach to contest the Board's ruling that AT&T did not discriminate against her in violation of section 132a when it terminated her in 2007.  Her termination is deemed lawful, and we do not address the question raised by the writ petition of whether AT&T must reinstate Allen due to allegedly terminating her in violation of section 132a.

Allen argues AT&T is bound by the Board's factual finding that the absences on which AT&T based her termination were in fact work-related absences.  Even if that is so, the Board still concluded the termination was not discriminatory under section 132a and that the issue of reinstatement on account of AT&T's treatment of her absences was not before it.  If Allen believed those conclusions were in error, she was obligated to seek

8

judicial review within 45 days of the decision.  She did not seek review, and now she and we are bound by the Board's decision.

Allen asserts the Board retained continuing jurisdiction to review its January 13, 2011 order by suggesting Allen might receive a different outcome if she applied for reinstatement and AT&T continued to consider the April 2007 absences as industrial related.  Any so-called continuing jurisdiction the Board may have had existed only if the Board chose to exercise it.  (§§ 5803, 5804.)  Here, the Board did not take any steps to modify its January 13, 2011 order.  And its ruling on Allen's second claim was not an invocation of continuing jurisdiction on Allen's first claim, as Allen's second claim was limited to a new alleged discriminatory act – AT&T's refusal to reinstate her after it had terminated her and she had reapplied for employment.

In any event, Allen may not seek to cure her failure to seek judicial review of the Board's January 13, 2011 order by filing a new petition or claim, and basing her right to review on the denial of that claim, when in fact she is also seeking review of the original final decision.  (*Royster v. Workmen's Comp. Appeals Bd.* (1974) 40 Cal.App.3d 412, 414.)

Because we cannot review the Board's decision that Allen was lawfully terminated, we are thus left to review Allen's remaining claim, whether AT&T violated section 132a when it refused to rehire her after the Board issued its January 13, 2011 order.  We conclude section 132a does not apply in this instance because at the time of the alleged act of discrimination – refusing to rehire Allen after the Board issued its order – Allen was not an employee of, and had no employment relationship with, AT&T.

To recover under section 132a, Allen must show she was an employee at the time of the discriminatory act.  (*City of Anaheim, supra,* 124 Cal.App.3d at pp. 612-613.)  Here, Allen was not an employee when she sought reinstatement.  She had been lawfully terminated.  She thus has no remedy under section 132a.

Allen contends the rule of *City of Anaheim* applies only when the posttermination discrimination occurs after a lawful termination, citing *Barns v. Workers' Comp. Appeals Bd.* (1989) 216 Cal.App.3d 524 (*Barns*). *Barns*, however, is distinguishable. In that case, the injured worker, after he was terminated and denied reinstatement, filed a claim seeking reinstatement and benefits under section 132a. The employer defended by arguing it had terminated the employee lawfully. The WCJ and the Board, on petition for reconsideration, determined the employer had not terminated the employee in violation of section 132a and thus was not obligated to reinstate him. (*Id*. at pp. 529-530.)

The employee filed a petition for review from the Board's decision and, unlike in this case, the Court of Appeal annulled that decision. The court wrote: "The critical distinction between *City of Anaheim* and the present case is that the employment relationship there had been unequivocally and lawfully terminated before any of the allegedly discriminatory acts took place. Here the purported termination was itself discriminatory. It cannot provide a basis for immunizing the employer's later discriminatory conduct." (*Barns, supra*, 216 Cal.App.3d at p. 539.)

In *Barns*, however, the issue of res judicata barring consideration of the termination's legality was not before the court. Because the opinion is silent on the issue, we presume the employee in *Barns* timely petitioned for review from the Board's denial of his petition for reconsideration, and thus the Court of Appeal had jurisdiction to consider whether the employer had terminated the employee in violation of section 132a.

In our case, as already explained, Allen did not timely file a petition for review from the Board's January 13, 2011 denial of her petition for reconsideration. As a result, the Board's decision that Allen's termination did not violate section 132a, and was thus lawful, is final and no longer subject to judicial review. We therefore cannot rule on whether her termination was lawful, and must assume it was, as found by the Board. Because the termination was lawful, no employment relationship existed at the time

10

AT&T refused to rehire Allen, and section 132a does not apply to AT&T's decision not to rehire her.

Allen asks us for leniency because she was in pro per at the time the Board issued its decision. Unrepresented parties are still "held to the same restrictive procedural rules as an attorney. [Citation.]" (*Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 193.) We cannot excuse noncompliance with jurisdictional rules.

## DISPOSITION

The decision of the Board is affirmed. Each party shall bear their own costs in this original proceeding.


      NICHOLSON     , Acting P. J.


We concur:


      ROBIE          , J.


      DUARTE       , J.